UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENT J. MORROW, | : | |
| Plaintiff, | : | CASE NO. 3:18-CV-1637 (MPS) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF CORRECTION, et al. | : | |
| Defendants. | : | November 6, 2018 |

**ORDER OF DISMISSAL**

On October 1, 2018, the plaintiff, Brent J. Morrow, an inmate currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against several state Department of Correction ("DOC") and Board of Pardons and Paroles officials. Compl. (ECF No. 1). He claims that the defendants are violating his Eighth Amendment protection against cruel and unusual punishment and his Fourteenth Amendment right to due process by confining him in prison under an illegal sentence. *Id.* at 5. Specifically, he argues that he is imprisoned under a three-year-term of special parole when no state judge has imposed such a sentence, and therefore, the DOC "has no proper jurisdiction to hold [him] . . . ." *Id.* at 6; Attach. to Compl. (ECF No. 1-1) at 1-2. The plaintiff does not request any specific remedy. On October 26, 2018, the plaintiff paid the filing fee to commence this action. For the following reason, the complaint is dismissed with prejudice.

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the

complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that where a judgment in favor of a plaintiff would necessarily implicate the validity of his conviction or length of sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred no matter relief sought, no matter the target of prisoner's suit, if success in action would necessarily demonstrate invalidity of conviction or duration). Here, the plaintiff is clearly challenging the validity of his three-year special parole term, which he is currently serving. He has not shown that his sentence has been invalidated by any state or federal court ruling. Therefore, this Court lacks jurisdiction over the pending § 1983 action.

Moreover, the *Pro Se* Civil Rights Complaint form that the plaintiff used to

commence this action informed him that he may not use a § 1983 action to request release from custody, a reduction in his sentence, or a restoration of good time credits. Compl. at 6, Section E. Such relief may only be requested in a petition for writ of habeas corpus. *Id.*

## ORDERS

For the aforementioned reasons, the case is dismissed. Because any further amendment to the complaint would be futile, the case is dismissed with prejudice. The clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated at Hartford, Connecticut this 6th day of November 2018.

/s/
Michael P. Shea
United States District Judge